UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                              Petitioner,

            -against-

WARDEN, VALHALLA,

                             Respondent.

23-CV-6440 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained in the Westchester County Jail, brings this *pro se* petition for a writ of *habeas corpus*, raising constitutional challenges to his ongoing criminal proceedings. By order dated August 11, 2023, the Court granted Petitioner leave to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this petition challenging his criminal prosecution on charges of assault in the second degree and criminal possession of a weapon in the third degree. (ECF 1 ¶ 1.) Petitioner alleges:

> Bail, cashless bail, remand arraignment, discovery, grand jury, felony hearing, attorney-client privilege, CPL 180.80, CPL 245, plea, "SCI," jurisdiction, Superior Court, speedy trial, procedural due process, "Legal Limbo," waiver.

(*Id.* ¶ 11(a)(5).)[1]

Petitioner acknowledges that he has not exhausted his state court remedies, but asserts that he seeks to "avoid a fundamental miscarriage of justice," and that the court has "inherent discretion" to release Petitioner on bail. (*Id.* ¶ 12(c)(7). Petitioner further alleges that he "cannot appeal a '730 request' if it was ordered when [he] was not present in court":

> I refused or declined an unscheduled unanticipated county court production on 6/8/2023. Corrections staff attempted to pressure me. I had no supreme court docket number. I was ticketed. I was later told by ail staff a 730 competency exam ordered.

(*Id.* ¶ 12(7)(a).)

Petitioner asserts that he does

> not want to file CPLR Article 70, as it will be in White Plains, New York. The Superior court did not have jurisdiction over my person. Even if I declined or refused attorney visits of court appearances sending "730 papers" outside of my presence in open court was egregious. This is a tactic of the Legal Aid Society of Westchester. (I am sanctioned under PLRA for other filings in SDNY – please review my other "habeas" petitions).

(*Id.* ¶ 18.)

---

[1] The Court quotes verbatim from the petition. All spelling, grammar, punctuation, and capitalization are as in the original, unless otherwise noted.

## DISCUSSION

### I.     Petition under 28 U.S.C. § 2241

Because Petitioner, who is a pretrial detainee, brings this petition to challenge his detention or attain unspecified relief in his pending criminal proceedings, this petition must be construed as a petition for a writ of *habeas corpus* relief under 28 U.S.C. § 2241.[2] A prisoner in state custody generally must challenge his incarceration in a petition under 28 U.S.C. § 2254, but relief in a petition under 28 U.S.C. § 2241 may be available to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2011); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013*); Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

### II.    Abstention pending final judgment

Although Section 2241 provides a narrow window for a state detainee to challenge his pretrial detention, a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."

---

[2] Because of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitations on second or successive petitions, *see* 28 U.S.C. § 2244(a), the district court has limited power "to *sua sponte* convert post-conviction motions without giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion." *Simon v. United States*, 359 F.3d 139, 140 (2d Cir. 2004); *see Castro v. United States*, 540 U.S. 375, 383 (2003). This notification requirement is based upon a concern "that a prisoner may be unaware that such a proposed conversion can trigger the AEDPA's gate-keeping limitations." *Simon*, 359 F.3d at 139. As this action challenges Petitioner's pretrial detention or ongoing criminal proceedings, it is not a postconviction action or motion implicating the AEDPA's gate keeping requirements, and therefore, there is no need to notify Petitioner of the recharacterization and obtain his consent before considering his claims.

*Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners") (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982)). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S 69, 77–78 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant,* 421 U.S. 117, 124 (1975); *see also Baker v. Sup. Ct. for New York*, No. 12-CV-4750 (BMC), 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

      As Petitioner brings this petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment is final.

      Courts have found special circumstances warranting *habeas* relief before trial in at least two situations. First, pretrial *habeas* relief may be appropriate where the petitioner's rights cannot be fully vindicated at the conclusion of trial. For example, courts have declined to abstain from considering double jeopardy claims in pretrial *habeas* petitions because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial. *See, e.g.*, *Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) ("The very constitutional right

4

claimed . . . would be violated if [the petitioner] were compelled to raise his double jeopardy claim after the second trial.").

Second, courts considering whether to abstain from hearing a constitutional challenge while criminal proceedings are pending have examined whether the claim seeks relief that is collateral to the criminal proceeding. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975) (holding that federal court correctly declined to abstain from hearing claims that prisoners were being detained without probable cause hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"); *see also Braden*, 410 U.S. at 493 (*habeas* petition could be heard before trial where petitioner sought to be brought speedily to trial and "made no effort to abort a state proceeding, or to disrupt the orderly functioning of state judicial processes"). *But see Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (holding in an action under 42 U.S.C. § 1983 that interference with state bail proceedings would violate principles of *Younger*); *see also Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) ("*Younger* abstention ordinarily applies to a state court's bail application proceedings." (citation omitted)).

Here, Petitioner's assertion that the state court has impeded his efforts to receive a speedy trial, possibly because of ongoing matters related to New York Criminal Procedure Law § 730, and that he has been denied bail, may present special circumstances permitting *habeas corpus* review prior to the conclusion of his criminal proceedings. *See Braden*, 410 U.S. at 493. But Petitioner does not allege that he has exhausted his state-court remedies with respect to his claims.

### III.  Exhaustion of state-court remedies

Although Section 2241 does not contain a statutory exhaustion requirement, it has been interpreted as requiring a petitioner to exhaust available state court remedies prior to seeking any relief thereunder in federal court. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("[D]ecisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *id.* (noting that the Supreme Court has "never interpreted the exhaustion requirement" to require "a state prisoner to invoke *any possible* avenue for review" (emphasis original)). A petitioner who has not exhausted available state court remedies generally may seek a writ of *habeas corpus* only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner acknowledges that he has not presented his claims through the state's established review process, although the state courts can consider the merits of the claims he presents in this petition. In New York, prior to conviction, a detainee can raise speedy trial claims and claims regarding the denial of bail. *See, e.g.*, *Parrish v. Lee*, No. 10-CV-8708 (KMK), 2015 WL 7302762, at *12 (S.D.N.Y. Nov. 18, 2015) (noting that a detainee may assert that he has been denied his Sixth Amendment right to a speedy trial in a motion to the trial court under N.Y. Crim. Proc. Law § 30.20); *see also People ex rel. Rosenthal v. Wolfson*, 48 N.Y.2d 230, 232 (1979)

("The writ of *habeas corpus* [under New York law] affords an opportunity under constitutional and historical aegis for re-examination of a nonappealable order fixing or denying bail.").[3]

As Petitioner explicitly states that he has not exhausted his state court remedies, and provides no facts showing that his failure to exhaust should be excused, the Court dismisses this petition without prejudice.[4]

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. Section 2241, is denied without prejudice.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] A criminal defendant can also raise the issue of a potential violation of his constitutional right to a speedy trial in the state trial court and the appellate courts after conviction. *See* N.Y. Crim. Proc. Law §§ 440.10(h), 450.15.

[4] Petitioner has previously filed *habeas corpus* petitions, and he has been informed that exhaustion is required before seeking such relief in this court. *See Burns v. Warden*, ECF 1:18-CV-6972, 11 (LLS) (S.D.N.Y. Jan. 30, 2019) (dismissing petition without prejudice for lack of exhaustion); *Burns v. Warden*, ECF 1:11-CV-141, 4 (LAP) (S.D.N.Y. Feb. 7, 2011) (same).